**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| BUT FATHER, I JUST WANT TO SING MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., and STYGIAN SONGS, <br><br> PLAINTIFFS, <br><br> vs. <br><br> SLAW-INDUSTRIES, INC., BRADLEY ADRIAN SLAWSON, and BRADLEY DAVID SLAWSON, <br><br> DEFENDANT. | Civil No. _____ <br><br> **COMPLAINT** |

Plaintiffs, complaining of the Defendants, by their attorneys, allege:

1.       This is a suit for copyright infringement under Title 17 of the United States Code.

2.       This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3.       Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

**THE PARTIES**

4.      The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5.      On information and belief, Defendant Slaw-Industries Inc. ("Slaw-Industries") is a corporation organized under the laws of Minnesota with principal offices located at 18407 Highway 65 Northeast, East Bethel, Minnesota 55011.

6.      At all times hereinafter mentioned, Slaw-Industries did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Route 65 Pub & Grub ("Route 65"), located at 18407 Highway 65 Northeast, East Bethel, Minnesota 55011.

7.      Musical compositions were and are publicly performed at Route 65.

8.      On information and belief, defendant Bradley Adrian Slawson ("Adrian Slawson") is an individual who resides and/or does business in this district.

9.      On information and belief, defendant Bradley David Slawson ("David Slawson" and, together with Slaw-Industries and Adrian Slawson, the "Defendants") is an individual who resides and/or does business in this district.

10.      At all times hereinafter mentioned, Adrian Slawson and David Slawson were, and still are, the members, directors, officers, and/or owners of Slaw-Industries.

11.      At all times hereinafter mentioned, Adrian Slawson and David Slawson were,

2

and still are, jointly responsible for the control, management, operation, and/or maintenance of the affairs of Slaw-Industries.

12.     At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Route 65, including the right and ability to supervise and control the public performance of musical compositions at Route 65.

13.     Each Defendant derives a direct financial benefit from the public performance of musical compositions at Route 65.

### FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14.     The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than 960,000 songwriter, composer, and music publisher members.

15.     Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions.  On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights. Defendants' knowledge and intent are established by the following facts:

(a)  Defendants entered into a license agreement with ASCAP, effective May 1, 2013.

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

(b) Defendants, however, failed to pay license fees as required by the license agreement.

(c) Because of Defendants' failure to pay license fees due, on February 28, 2017, upon written notice, ASCAP terminated the agreement for default.

17.     Since termination of Route 65's ASCAP license, ASCAP has attempted to contact the Defendants, or their representatives, agents, or employees, to offer to reinstate the license for Route 65, or relicense the establishment, upon payment of the outstanding fees owed to ASCAP.

18.     Defendants have refused all of ASCAP's offers to reinstate the license for Route 65.

19.     As a result of the foregoing, Route 65 has been unlicensed by ASCAP since February 28, 2017.

20.     ASCAP's various communications offering to reinstate the license for Route 65 gave Defendants notice that unauthorized performances of ASCAP's members' musical compositions at Route 65 constitute copyright infringement.

21.     The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

22.      The original musical compositions listed in Column 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

23.     The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

24.     The composition PLAY THAT FUNKY MUSIC for which there are entries in Columns 7 and 8 is now in the renewal term of copyright, pursuant to 17 U.S.C. §304(a)(2),

automatically secured as provided in 17 U.S.C. 304(a)(2)(B)(ii), effective as of the date set forth in Column 8.

25.     Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions at Route 65, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

26.     The public performances on Defendants' premises of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer, was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

27.     In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

28.     The many unauthorized performances at Route 65 include the performances of the three copyrighted musical compositions upon which this action is based.

29.     At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was the owner of the copyright in the composition therein named.

30.     The said wrongful acts of the Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains the Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions, or any other musical composition in the ASCAP repertory, and from causing or permitting the said compositions, or any other musical composition in the ASCAP repertory, to be publicly performed at Route 65, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.

Dated:   March 4, 2024

_s/ Leita Walker_

Leita Walker
BALLARD SPAHR LLP
2000 IDS Center
80 South 8th Street
Minneapolis, Minnesota 55402-2119
Telephone: (612) 371-3211
Facsimile:   (612) 371-3207
E-Mail: walkerl@ballardspahr.com

*Attorneys for Plaintiff*

6